MUNICIPALITY OF PONCE ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART, HÉCTOR RUIZ SOMOHANO, JUDGE, Respondent; LEONIDES TORRES FIGUEROA ET UX., Interveners.

No. 2086. Argued November 1, 1955.—Decided November 30, 1955.

*Pedro E. Muñiz Ramos* for petitioners. *Aníbal Padilla* for interveners, plaintiffs in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Leonides Torres Figueroa and his wife, Consuelo Pola, filed in the Ponce Part of the Superior Court of Puerto Rico an action for breach of contract and damages against the Municipality of Ponce and Pedro Badillo. They alleged, in substance, that on or about August 15, 1950, they purchased from the Municipality of Ponce a plot in the "Canas" cemetery, which is described and duly identified; that they took possession of same and replaced the stakes, standing therein, with concrete posts; that they paid the sum of $8 for the

plot, for which they were issued the corresponding receipt; that they had held possession as lessees before acquiring the plot in question and had buried a daughter there by the name of Consuelo Torres; that on the day the sale was executed they had already erected a concrete cross, built a stone fence, and covered the place with flower plants and roses; that when plaintiff Torres Figueroa left the hospital in October, 1952, and went to visit the grave and the described plot, he found that the cross, the posts, and flower pots had been removed and a person named Héctor Badillo, son of codefendant Pedro Badillo, had been interred there; that Torres Figueroa immediately went to see Pedro Badillo, who flatly refused to tell him the place where the remains of his daughter had been placed, alleging that he had purchased the plot in question from the municipality and that the municipality had ordered the caretaker of the cemetery to permit the interment of his son Héctor; that plaintiff also went to the city hall and was there referred to the director of public works, who offered him another plot but refused to inform him of the whereabouts of his daughter's remains; that the attitude assumed by the defendants has caused such anguish and suffering as to endanger the health of plaintiff Consuelo Pola and also the life of coplaintiff Torres Figueroa; and that they appraise their physical and moral suffering at the sum of $10,000, praying for judgment in that amount.

After an extension of time to answer was granted and a motion to dismiss for lack of facts was denied, the municipality filed a verified motion requesting summary judgment in its favor. To this motion it attached two affidavits and three certificates. Plaintiffs filed no opposition in writing, nor presented any counter affidavits or documents of any kind whatever for the purpose of controverting them. A hearing of the motion having been held at which both parties appeared, the lower court issued an order

denying the motion for summary judgment. To review that order, we issued a writ of certiorari at the instance of the defendant municipality. The crux of the legal question raised by the petition is whether or not the lower court acted correctly in refusing to render summary judgment in favor of the municipality, notwithstanding the fact that its motion was accompanied, as has been said, by affidavits and documents and that plaintiffs filed no counter affidavits or documents to controvert the averments therein, or to rebut the facts set forth in the attached affidavits and documents.

Under Rule 56(b) of the Rules of Civil Procedure:

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

And under subd. (c) of the same Rule:

". . . The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Construing the above-quoted subdivisions of Rule 56 in *Hettinger & Co.* v. *District Court*, 69 P.R.R. 128, we said:

"A summary judgment will lie if affidavits attached in support of or in opposition to the motion for such judgment show that there is no issue as to any material fact."

That rule was ratified by this Court in *Hernández* v. *Caraballo*, 72 P.R.R. 628, as well as in *Sánchez* v. *De Choudens*, 76 P.R.R. 1, and in other cases therein cited. Naturally, before deciding whether or not in the present case there is a genuine issue of material facts, we must determine whether the fact that plaintiffs filed no affidavits or documents to controvert the facts set forth in the affidavits or documents attached to the motion for summary judgment

filed by the defendants had any effect on the situation as a whole. The question thus raised has been amply discussed by this Court in the *Sánchez* case, *supra*. We there held, substantially, that "There is some conflict, which it is difficult to harmonize, in the decisions of the different appellate courts of the United States on the matter, for although some of them support the view that summary judgment does not lie in those cases in which the party against whom it is directed raises no objection, or takes no action in opposition, notwithstanding the fact that such motion has been supported by affidavits or documents admissible in evidence [citations], yet many others have held that, where in support of a motion for summary judgment affidavits which comply with the requirements of the Rules of Civil Procedure—Rule 56(*e*)—or documents admissible in evidence are presented, if the opposing party does not file any counter affidavits or take action to oppose that motion, the latter shall be granted provided the affidavits or other documents presented show that there is no genuine issue of fact to be tried. [Citations] . . . The opinion of the latter courts is based on the fact that the pleadings alone do not raise any issue of fact . . ." Upon further consideration of the matter, we ratify the rule previously announced.

In the instant case, plaintiffs not only failed to file affidavits or documents to controvert the averments in the motion for summary judgment and in the affidavits and documents admissible in evidence attached thereto, but in their brief they repeatedly insist that at the hearing of the motion in question they subscribed to those documents. It is therefore imperative to determine whether, after an analysis of the documents attached to the motion, there is no genuine issue of fact left for decision. Let us see.

The first document attached to the motion was an affidavit by Vicente Cruz Colón, in which he declares that he is the secretary of the Municipality of Ponce; that as such

he has under his custody all the books and documents of the municipality, among which are the books containing the contracts of sale of plots in the municipal cemetery of that city and all the ordinances of the Municipal Assembly; that among them are the documents relating to the motion for summary judgment.

The second document was a certificate signed by Vicente Cruz Colón, from which it appears that on September 20, 1950, the Municipality of Ponce sold to plaintiff, Consuelo Pola a plot in the "Canas" cemetery, which is described as located on the southeast corner of Miguel Ortiz Fernández' grave and extending S-25° 05' W.

The third and fourth documents were separate certificates to the effect that on September 12, 1952, the Municipality of Ponce sold to Pedro Badillo two plots in that cemetery, the first of which is located on the northeast corner of Dolores Goyco Rivera's grave and extending S-35° 20' E, and the second on the northeast corner of the same grave and extending N-71° 10'.

The fifth and last document attached to the motion was an affidavit of Pedro Juan Vega Collazo, declaring that he is the caretaker of the municipal cemetery of Ponce; that he has held that position for several years, specifically, during the periods comprised in the complaint; that he is familiar with the plot owned by plaintiffs which is described in the complaint, and that he knows for a fact that plaintiffs did not place any permanent identification signs, such as cement poles, permanent crosses, walls, chains, posts, etc.,[1] and also that the plot in question has not been sold to any

---

[1] In the motion for summary judgment it was further alleged, among other things, that if there has been any disturbance in the possession of the plot sold to plaintiffs it was due to the fact that "they did not at any time perform the conditions of the contract, namely, to mark out the plot clearly and definitely with posts, chains, walls, crosses, or any other identification signs, which is also required by Ordinance No. 26, 1930 Series, of the Municipality of Ponce."

person or used by anyone other than plaintiffs, and that the plots sold to codefendant Pedro Badillo are other plots.

Accepting as true, for the purposes of the motion for summary judgment, all the statements made in the affidavits and certificates admissible in evidence, and in view of the fact that plaintiffs filed no written opposition or any affidavits or documents to controvert the same, is there a genuine issue of fact in this case? We believe there is. Even accepting as true all the statements made in the affidavits and documents attached to the motion for summary judgment, some of the averments of the complaint have not been controverted in any way. It is alleged in the complaint, among other things, "that when plaintiff Torres Figueroa left the hospital in October, 1952, and went to visit the grave and the described plot, he found that the cross, the posts, and flower pots had been removed and a person named . . . had been interred there; that Torres Figueroa immediately went to see Pedro Badillo, who flatly refused to tell him the place where the remains of his daughter had been placed . . . ; that plaintiff also went to the city hall and was there referred to the director of public works, who offered him another plot but refused to inform him of the whereabouts of his daughter's remains." Those affirmative averments have not been controverted in any manner whatsoever. This being so, there is a genuine issue of fact as to them. Consequently, the lower court acted correctly in refusing to render summary judgment in favor of the defendant municipality.

The writ issued will be quashed and the case remanded to the lower court for further proceedings.